No. 10,638
Orleans

---

DR. COHN v. ST. CLAIR CASAYON AND MRS. ST. CLAIR CASAYON

(January 17, 1927.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Evidence—Par. 337, 343.

When one expert testifies that he does the work every day and bills his patients therefor and the other expert testifies that he has never done the work in his private practice and has never sent out a bill therefor, the estimate of the former will be given greater weight.

Appeal from First City Court, Section "A". Hon. W. A. Bahns, Judge.

Action by Dr. Albert J. Cohn against St. Clair and Mrs. St. Clair Casayon.

There was judgment for defendant and plaintiff appealed.

Judgment amended.

Jno. E. Jackson, Baldwin J. Allen, of New Orleans, attorneys for plaintiff, appellant.

Jos. A. Casey, of New Orleans, attorney for defendant, appellee.

W. CATESBY JONES, J.   This is a suit against St. Clair Casayon and his wife for one hundred and thirty dollars ($130.00) for dental services rendered to Mrs. Casayon.

Petitioner alleges that Mrs. Casayon employed him to put her mouth and teeth in order about November 19, 1925; that no price was fixed, but it was agreed that he should charge her usual rates; that he treated the patient from November 19, 1925, to February 12, 1926, at various times, as per itemized statement, meanwhile attending to the gums, extracting and filling some teeth and installing an upper gold plate; that the services were satisfactory and the price reasonable.

The answer admits that no price was fixed and that the work was satisfactory, but denies that the charges are reasonble.

The lower court gave judgment against Casayon for eighty dollars ($80.00) and dismissed the suit against Mrs. Casayon.

From this judgment plaintiff appeals to this court and the sole question before us is the reasonableness of plaintiff's bill.

Plaintiff, a graduate of the Ballmore College of Dental Surgery and a practicing dentist in this city for twenty-seven years, testifies that he put in one amalgum filling, treated two abscessed teeth from November 19 to January 6 six or seven times, meanwhile opening the root canals going through the apex, extracting pus and inserting medicine, extracted two teeth, made a gold plate with three teeth and fitted it in her mouth and cleaned her teeth; that his ordinary and usual bill for such work has been one hundred and sixty-six dollars ($166.00), but he charged only one hundred and thirty dollars ($130.00), because he had known the patient before her marriage.

He further testified that he had paid the laboratory for the gold plate and teeth thirty-six dollars ($36.00) and the other materials used were reasonably worth ten dollars ($10.00).

Dr. W. M. Miller, a graduate of Tulane and a practicing dentist in this city for twenty-four years, after examining the bill and the gold plate, testified that he did a lot of similar plate work and his minimum charge would have been in this matter one hundred and fifty dollars ($150.00).

Mrs. Casayon testified that Dr. Cohn had done work for her for thirteen years and his charges had always been moderate.

Dr. Skinner, a graduate of Tulane in 1911, testified that he had practiced dentistry continuously in this city, except for one year when he was in the army, where he also practiced his profession; that he was then working for the U. S. Veterans Bureau; that he had never put in any gold plate like this in his private practice and consequently had never sent a bill for one, but that he put them in for government patients; that he had examined the plate and teeth and thought twenty-four dollars ($24.00) for the labor and thirty-six dollars ($36.00) for the material a reasonable charge.

To summarize: Dr. Miller testifies that he "got this plate work every day"; that he would never charge less than one hundred dollars ($100.00) for such work; Dr. Cohn testifies to the same effect and Dr. Skinner says that he has never made a charge for such work. As this item is by far the most important on the bill and there can be no question that thirty dollars ($30.00) was a reasonable price for the rest of the work, we are of the opinion that the plaintiff has the preponderance of the evidence with him and that the judgment should be amended by increasing the amount allowed to one hundred and thirty dollars ($130.00).

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended and that there now be judgment in favor of Dr. Albert J. Cohn against St. Clair Casayon in the full sum of one hundred and thirty dollars ($130.00), with legal interest from judicial demand and all costs.